REQUESTED BY: Senator Curt Bromm, Nebraska State Legislature
You have requested an opinion of this office regarding the powers of the Director of the Department of Roads with respect to setting speed limits, pursuant to Neb. Rev. Stat. § 60-6,190
(Cum. Supp. 1996), and the precise limits of this power. You also request that the opinion address two particular points:
 (a) What is the extent of the Director's power over speed limits on Nebraska's interstate system; and
 (b) What, if any, actions or occurrences shall trigger an investigation by the Director, and a subsequent alteration of the speed limit by the Director.
From your reference to legislative debate on this issue, we assume you believe that there is confusion on these two particular questions, and that legislation may be required.
 DIRECTOR'S POWER TO ESTABLISH SPEED LIMITS ON THE NEBRASKA INTERSTATE SYSTEM
Neb. Rev. Stat. § 60-6,190 (Cum. Supp. 1996) provides, in part:
 (1) Whenever the Department of Roads determines, upon the basis of an engineering and traffic investigation, that any maximum speed limit is greater or less than is reasonable or safe under the conditions found to exist at any intersection, place, or part of the state highway system outside of the corporate limits of cities and villages as well as inside the corporate limits of cities and villages on freeways which are part of the state highway system, it may determine and set a reasonable and safe maximum speed limit for such intersection, place, or part of such highway which shall be the lawful speed limit when appropriate signs giving notice thereof are erected at such intersection, place, or part of the highway, except that the maximum rural and freeway limits shall not be exceeded. Such a maximum speed limit may be set to be effective at all times or at such times as are indicated upon such signs.
(Emphasis added.)
Neb. Rev. Stat. § 60-621 (1993) provides:
 Freeway shall mean a divided arterial highway designed primarily for through traffic with full control of access and with grade separations at all intersection road crossings, including all interchanges and approach and exit roads thereto.
The Nebraska interstate system is a freeway by definition and therefore, the Director of the Department of Roads has the power to determine and set reasonable and safe maximum interstate speed limits inside or outside the corporate limits of cities and villages. By the clear terms of Neb. Rev. Stat. § 60-6,190 (Cum. Supp. 1996), the Department of Roads, through its Director, may determine the reasonable and safe speed limits on all parts of the interstate system.
 ACTIONS OR OCCURRENCES WHICH CAUSE AN ENGINEERING AND TRAFFIC INVESTIGATION AND ALTERATION OF THE SPEED LIMIT.
Neb. Rev. Stat. § 60-6,190 (Cum. Supp. 1996) has no provision regarding what must occur to require the Department of Roads to make an engineering and traffic investigation.
We have been informed by the Traffic Engineering Division of the Department of Roads that the Nebraska Department of Roads has no set policy or rule and regulation which determines when an engineering and traffic investigation is made. However, if a county, city or village, or an individual citizen notifies the Department of a potential speed limit problem, then the Department of Roads may make such engineering and traffic investigation. The Department of Roads, on its own initiative, makes engineering and traffic investigations, if a potential problem is noticed. Further an investigation and study is accomplished in contemplation of a highway project to determine a safe and reasonable speed limit.
Although no statutory provision requires the Director of the Department of Roads to make an investigation, it would appear that the legislature, in enacting Neb. Rev. Stat. § 39-1301
(1993), wanted to give the Director and Department discretion in their decisions since this section provides in part:
 In designating the highway system of this state, as provided by sections 39-1301 to 39-1362, the Legislature places a high degree of trust in the hands of those officials whose duty it shall be, within the limits of available funds, to plan, develop, construct, operate, maintain, and protect the highway facilities of this state, for present as well as for future uses.
. . .
 To this end, it is the intent of the Legislature, subject to the limitations of the Constitution and such mandates as the Legislature may impose by the provisions of such sections, to designate the Director-State Engineer and the department, acting under the direction of the Director-State Engineer, as direct custodian of the state highway system, with full authority in all departmental administrative details, in all matters of engineering design, and in all matters having to do with the construction, maintenance, operation, and protection of the state highway system.
 THE DIRECTOR'S AUTHORITY TO SET SPEED LIMITS ON STATE HIGHWAYS WHICH ARE PART OF THE STATE HIGHWAY SYSTEM, OTHER THAN FREEWAYS.
Neb. Rev. Stat. § 60-6,196 (Cum. Supp. 1996) provides in paragraph (4):
 On all highways within their corporate limits, except on state-maintained freeways which are part of the state highway system, incorporated cities and villages shall have the same power and duty to alter the maximum speed limits as the department if the change is based on engineering and traffic investigation, except that no imposition of speed limits on highways which are part of the state highway system in cities and villages under forty thousand inhabitants shall be effective without the approval of the department.
This provision of the statute grants the Department of Roads the authority to control speed limits on the State highway system within cities and villages with less than 40,000 inhabitants, since the power of these cities and villages to alter speed limits on the State highway system must be approved by the Department of Roads. Again, as on the interstate system, the statute does not set out specific occurrences that must trigger a traffic investigation and study.
Sincerely,
 DON STENBERG Attorney General
 Robert G. Avey Assistant Attorney General
Approved by:
Don Stenberg 
Attorney General